AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Ray Daytrel Hopkins | ) | Case No.  3:20-mj-79 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 2018-April 2020__ in the county of __Clinton__ in the __Southern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a), 2251(e) | Production of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B), (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Cameron A. Smith, FBI Special Agent
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date:  May 22, 2020

_____
*Judge's signature*

City and state:  Davenport, Iowa

Stephen B. Jackson, Jr., U.S. Magistrate Judge
*Printed name and title*



FILED
By: Clerk's Office, Southern District of Iowa
9:48 am, May 22 2020

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

UNITED STATES OF AMERICA      )
                              ) ss
SOUTHERN DISTRICT OF IOWA     )

I, **Special Agent Cameron A. Smith**, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since September 2018. I am currently assigned to the Quad Cities Resident Agency of the Omaha Field Division. During the normal course of my duties, I conduct investigations involving a variety of criminal violations, to include violations of federal statutes involving the sexual exploitation of minors and child pornography (CP).

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show probable cause for the issuance of the complaint and does not set forth all of my knowledge about this matter. The following contains some, but not all, of the information known to this affiant.

## FACTS AND PROBABLE CAUSE

1. On May 7, 2020, a Clinton Police Department (CPD) Detective reported to the FBI that Ray Daytrel Hopkins (Hopkins), video-recorded nude children in a bathroom. It appears that Hopkins setup a camera concealed within a bath towel or cloth in a bathroom and recorded the children in that bathroom

undressing, showering, or drying off. The video recordings captured the genitals, buttocks, and breasts of both female children who are currently seven (7) and twelve (12) years old, respectively. It is believed that one female child (Child 1) was five (5) years old, and the other female child (Child 2) was ten (10) years old, at the time Hopkins produced these videos.

2. Approximately one-and-a-half (1.5) years ago, the mother of both children lived in an apartment in Clinton, Iowa. The mother dated Hopkins, but Hopkins had his own residence located at the Subject Premises. Hopkins stayed at the mother's apartment for one week as she had surgery and needed assistance with the care of Child 1 and Child 2.

3. The day after the mother returned home from the hospital, she received a call from her children's elementary school, informing her that Child 2 reported to a school counselor that Hopkins filmed her in the bathroom. The school counselor reported the incident to the Department of Human Services (DHS) on November 02, 2018. The report indicated that Hopkins watched Child 1 and Child 2 change their clothes. Additionally, it was alleged that Hopkins hid a camera in the bathroom, which pointed at the shower. Per the DHS report, Hopkins told Child 2 that she could be his queen and that she is cheating on him when she plays with a neighborhood friend. Ultimately, DHS determined the allegations were unfounded due to a lack of physical evidence and alleged inconsistencies given by Child 2. At the time of this report, Child 1 was five (5) years old and Child 2 was ten (10) years old.

4.   Approximately one week after Easter 2020, the mother was in Hopkins' bedroom at the Subject Premises and located a video camera in his bedroom dresser underneath as assortment of clothing. The mother retrieved the storage disk (SD card) from the camera and brought it with her to her residence to review the contents. The mother reviewed the SD card on her laptop computer. She located three (3) videos that clearly captured Child 2 fully nude. The mother then filed a report with CPD.

5.   A CPD Detective stated there are three (3) videos in total and two (2) of the videos capture Hopkins setting up the camera in the bathroom. The CPD Detective stated it appears that Hopkins was directing one of the children to pose in a specific position to expose her genitals. It was reported that the video footage captured the vagina, breasts, and buttocks of both Child 1 and Child 2.

6.   On May 13, 2020, I took possession of the SD card and a disk containing the SD card contents from CPD. I reviewed the disk containing the SD card contents and observed the three (3) videos described by CPD. The first video captures Hopkins concealing a camera on an elevated surface in a red towel or cloth. The camera is directed at a bathtub and shower enclosure. The bathtub is pink in color and has glass shower doors that appear cloudy but semi-transparent. Hopkins bends down to check the camera which records a portion of his face. Subsequently, Hopkins opens the shower door and lifts Child 1 out of the bathtub. The video records the genitals and breasts of Child 1. Shortly thereafter, Child 2 appears on camera. Child 2 fully undresses and the camera records her genitals

and breasts. Hopkins retrieves and turns off the camera once Child 2 appears to exit the bathroom.

7. The second video captures Hopkins concealing a camera on the floor in what appears to be a stack of clothing. The camera is directed at the same bathtub and shower enclosure as described in the first video. Hopkins is seen placing a red towel or cloth over the camera. The camera captures a portion of Hopkins face. He is wearing eye glasses and his upper right arm bears a tattoo near his shoulder. Child 2 enters the bathroom and removes her clothing. The camera captures Child 2 fully nude, including her buttocks, vagina, and breasts. Child 2 stands near the camera, which captures her posing in different positions for multiple seconds, capturing her buttocks and genitals. During this time, Child 2 holds conversations with Hopkins. Child 2 states: "Hey Ray…Can you get my pink blanket?" Hopkins replies to Child 2 by first name, stating: "Why haven't you washed your body…Your sister (referencing Child 1)…I brushed her teeth and did her hair and you're still not done…That's ridiculous." Child 2 is then observed through the shower doors washing her body. The video subsequently ends.

8. The third video captures Hopkins setting up the camera, which he conceals in a bath towel or cloth. The camera is directed at the same bathtub and shower enclosure as described above. Hopkins asks Child 1: "Done?. Get out…" Hopkins walks to the shower, opens the shower door, and turns off the water. The camera captures the breasts of Child 1 as she's standing in the bathtub. Hopkins lifts up Child 1 and removes her from the bathtub. As Hopkins lifts her from the

4

bathtub, the camera captures Child 1's breasts and genitals. Hopkins then dries off Child 1 with a pink-colored bath towel. A few moments later, Hopkins and Child 1 both appear to look toward the camera. Hopkins appears to rub and touch up and down the leg of Child 1. Hopkins appears to tap or grab the buttocks of Child 1 before he guides her out of the camera range with his hand. Moments later, Child 2 enters the bathroom and fully undresses. The camera captures the buttocks, vagina, and breasts of Child 2 as she enters the shower. The camera also captures her genitals as she exits the shower.

## CONCLUSION

9. Based on the foregoing information, the affiant submits there is probable cause to believe Ray Daytrel Hopkins has committed violations of Title 18 United States Code, Section 2251(a) (Production of Child Pornography) and Title 18, United States Code, Section 2252(a)(4)(B), (Possession of Child Pornography), in Clinton, Iowa, which is in the Southern District of Iowa.

Respectfully Submitted,

Cameron A. Smith
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me by telephone or other reliable electronic means on this  22  day of May, 2020.

STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE

5